IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PSF INDUSTRIES, INC.,  Civil No. 05-6089-AA
OPINION AND ORDER

        Plaintiff,

vs.

MUNROE, INC.,

        Defendant.

---

Guy Randles
Stoel Rives
900 SW Fifth Avenue, Suite 2600
Portland, Oregon 97204

John Dippold
Carney Badley Spellman, P.S.
700 Fifth Avenue, Suite 5800
Seattle, Washington 98104-5017
    Attorneys for plaintiff

William Martin
Gleaves Swearingen, LLP
975 Oak Street, Suite 800
Eugene, Oregon 97401

John Pierce
Cohen & Grigsby, PC

11 Stanwix Street, 15th Floor
Pittsburgh, PA 15222
    Attorneys for defendant

AIKEN, Judge:

Defendant files a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction; alternatively the defendant moves to stay this case; or transfer this case. Defendant's motion to dismiss for lack of personal jurisdiction is granted.

## BACKGROUND

Plaintiff asserts a claim against the defendant for breach of a contract to fabricate a Recovery Boiler Economizer (the "Economizer"). Plaintiff is a Washington corporation with its principle place of business located in Washington. Defendant is a Pennsylvania corporation with its principle place of business located in Pennsylvania. The Complaint alleges that on August 16, 2004, plaintiff submitted a Purchase Order to defendant and a contract was formed whereby defendant agreed to fabricate the Economizer pursuant to certain specifications in exchange for a payment of $309,800. Defendant was instructed to deliver the Economizer to Georgia-Pacific's mill located in Toledo, Oregon. Plaintiff further alleges that defendant failed to meet the specifications and failed to complete the Economizer by a certain date, thus breaching the terms of the Purchase Orders.

Page 2 - OPINION AND ORDER

Plaintiff initially filed this action in Lincoln County, Oregon Circuit Court on February 25, 2005. Defendant timely removed this action to this court on April 1, 2005. Prior to the filing of this action in Oregon state court, on February 18, 2005, defendant filed suit against plaintiff in a Pennsylvania state court. Defendant's Pennsylvania state court action alleges breach of contract and breach of the implied covenant of good faith and fair dealing relating to the same subject matter at issue in the case at bar.

## DISCUSSION

Defendant moves to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). When, as here, a motion to dismiss for lack of personal jurisdiction is made as a defendant's initial response to a complaint and the court decides the jurisdictional issue based on affidavits and written discovery materials as opposed to an evidentiary hearing, "the plaintiff is only required to make a prima facie showing of jurisdictional facts to defeat the motion to dismiss." nMotion, Inc. v. Environmental Tectonics Corp. et al., 196 F.Supp.2d 1051, 1055 (D. Or. 2001).

To establish personal jurisdiction over a defendant, a two-part showing is required: (1) the forum state must have an applicable long-arm statute; and (2) the assertion of jurisdiction must comport with the constitutional requirements of

due process. <u>Data Disc, Inc. v. Systems Technology Assoc., Inc.</u>, 557 F.2d 1280, 1286 (9th Cir. 1977).

In diversity actions, federal courts must first examine the state's jurisdictional statute to determine if it provides for jurisdiction. <u>Sinatra v. National Enquirer, Inc.</u>, 854 F.2d 1191, 1194 (9th Cir. 1988). Oregon's jurisdictional statute confers personal jurisdiction coextensive with due process. Or. R. Civ. P. 4L. As a result, "[t]his court need only analyze whether exercising jurisdiction comports with due process." <u>Sinatra</u>, 854 F.2d at 1194.

Due process requires minimum contacts between the defendant and the forum state such that the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." <u>International Shoe Co. v. State of Washington</u>, 326 U.S. 310 (1945).

Plaintiff asserts that the court has specific jurisdiction over the defendant.
To be subject to specific jurisdiction:

> (1) the nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or residents thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws;
>
> (2) the claim must be one that arises out of or relates to the defendant's forum-related activities [and];
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice; i.e. it must be reasonable.

Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987); and Shute v. Carnival Cruise Lines, 897 F.2d 377, 310 (9th Cir. 1990).

"Purposeful availment requires that the defendant engage in some form of affirmative conduct allowing or promoting the transaction of business within the forum state. This focus upon the affirmative conduct of the defendant is designed to ensure that the defendant is not haled into court as the result of random, fortuitous or attenuated contacts[.]" Shute, 897 F.2d at 381 (internal citations omitted). A defendant has purposely availed itself of the benefits of a forum if it has deliberately "engaged in significant activities within a State or has created 'continuing obligations' between himself and the residents of the forum." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985)(internal citations omitted). "A contract alone does not automatically establish the requisite minimum contacts necessary for the exercise of personal jurisdiction." Id. at 478. Moreover, the foreseeability of causing injury in another state is not a sufficient basis on which to exercise jurisdiction. Id. at 474. Finally, "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" are the factors to be considered. Id. at 479.

I find no showing of purposeful availment here. Defendant owns no property in Oregon, has no employees in Oregon, is not

licensed to do business in Oregon, and has done no business in Oregon. None of defendant's employees have ever been to Oregon for company-related business. Defendant has never entered into a contract with a party located in Oregon. Defendant has never shipped or delivered any products to Oregon. Defendant has never received any payments from nor made any payments to any party in Oregon. Finally, the contract at issue in this case was not negotiated, formed or performed in Oregon.

I find no evidence that the defendant either deliberately engaged in significant contacts in Oregon, or has created continuing obligations between the defendant and the residents of Oregon. The fact that the Purchase Order provided that the Economizer would be delivered to the mill of a third party, Georgia-Pacific, in Oregon, does not rise to a prima facie showing of either significant contacts in Oregon, or the creation of continuing obligations between the defendant and the forum state. No evidence has been submitted to establish that defendant intentionally engaged in the purposeful availment of the benefits and protections of Oregon law. For example, I find no evidence that defendant intentionally engaged in conduct in Oregon calculated to cause injury to plaintiff in Oregon or that the defendant directed its activities to Oregon. Any contractual obligations owed by the defendant pursuant to the "contract" (the Purchase Order) were owed to the plaintiff, a Washington

resident, and not to the third-party, Georgia-Pacific.

Further, the court recognizes that the "foreseeability of injury in the forum does not in itself establish purposeful availment. <u>Gray</u>, 813 F.2d at 761. I find that defendant's contacts with the forum are, at most, "attenuated contacts," insufficient in themselves to make even a prima facie showing that defendant has purposefully availed itself of the benefits and protections of the forum's law. Moreover, the Supreme Court's warning that, "a defendant will not be haled into a jurisdiction solely as a result of random fortuitous, or attenuated contacts or of the unilateral activity of another party," is applicable here. <u>Burger King Corp.</u>, 471 U.S. at 462 (internal quotations omitted). The evidence shows that any effect in Oregon of defendant's conduct was at most fortuitous or attenuated.

The Ninth Circuit uses a "but for" test of causation to determine the second prong of the jurisdictional test. <u>Myers v. Bennett Law Offices</u>, 238 F.3d 1068, 1075 (9th Cir. 2001)(internal citation omitted). Specifically, plaintiff's claim must result from the alleged forum-related activities. This relatedness requirement is met if the cause of action would not have arisen "but for" the alleged contacts between the defendant and the forum state. I find that this prong has not been met. The fact that the Economizer was to be shipped to a third-party's mill in

Oregon does not satisfy the "but for" cause of plaintiff's claim. Plaintiff's claim rises from defendants's alleged failure to fabricate the Economizer to specifications and thus have it completed on time. I find that plaintiff would have the exact same cause of action for alleged breach of contract even if the Purchase Order mentioned nothing whatsoever about delivery of the final product to a mill in Oregon.

Finally, the third prong requires that exercise of personal jurisdiction over a non-resident defendant be reasonable. When a plaintiff has failed to satisfy its burden regarding the first two prongs of the test for specific jurisdiction, the "court need not reach the third prong of the specific jurisdiction test." Doe v. Unocal Corp., 248 F.3d 915, 925 (9th Cir. 2001). Here, plaintiff has failed to present sufficient evidence to establish either purposeful availment or a "but for' relationship between plaintiff's cause of action and the conduct of the defendant in Oregon. The court, therefore, need not address the third prong of the specific jurisdiction test.

Even if the court elects to evaluate the reasonableness prong, the evidence shows that exercise of specific jurisdiction over the defendant would be unreasonable. The reasonableness determination requires that a court consider the following seven factors: (1) the extent of purposeful interjection; (2) the burden on the defendant to defend the suit in the chosen forum;

(3) the extent of conflict with the sovereignty of defendant's state; (4) the forum state's interest in the dispute; (5) the most efficient forum for judicial resolution of the dispute; (6) the importance of the chosen forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alterative forum.  Shute, 897 F.2d at 386.

The court notes that these factors do not weigh heavily for one side or the other, except for the first factor.  It is notable that defendant's interjection into Oregon was minimal.  Beyond the impact of the first factor, the court notes that the burden on both parties to defend outside of their forum is comparable; any sovereignty conflicts are best resolved through choice-of-law rules; Oregon's interest in the dispute is not great since this case does not involve a tort or contract that would implicate an ongoing relationship; no forum provides any marked efficiency over the alternatives; and finally, there exists an alternative forum.

## CONCLUSION

The court concludes that plaintiff fails to make a prima facie showing that defendant has intentionally engaged in the purposeful availment of the benefits and protections of Oregon law; that plaintiff has demonstrated that it will suffer injury "but for" defendant's forum-related conduct; and finally, that the exercise of jurisdiction over the defendant is reasonable.

Therefore, defendant's motion to dismiss (doc. 5) is granted for lack of personal jurisdiction; defendant's alternative motions are denied as moot. This case is dismissed and all pending motions are denied as moot.

IT IS SO ORDERED.

Dated this 24 day of June 2005.

*Ann Aiken*
Ann Aiken
United States District Judge